## GLENN, Trustee, etc., *v.* SCOTT.[1]

*(Circuit Court, W. D. Virginia.* September 30, 1886.)

1. ACTION OR SUIT — ASSIGNEE OF CORPORATION SUING IN HIS OWN NAME—
   CODE VA. 1873, CH. 141, § 17.
   Under section 17, *c.* 141, Code Va. 1873, authorizing assignees of non-negotiable instruments to sue in their own names, a trustee and assignee of a joint-stock company may sue in his own name for unpaid subscriptions to the capital stock of the company.

2. SAME—DEFENDANT CONSENTING TO ASSIGNMENT.
   Where a subscriber to the capital stock of a company has assented to the execution of a deed of trust by which the company assigned his subscription, and those of his associates, in trust for the payment of the corporate debts, the trustee may maintain an action in his own name for the enforcement of the contract of subscription.

3. CORPORATIONS—STOCKHOLDERS—ASSIGNMENT OF STOCK IN FRAUD OF CORPORATE CREDITORS—CODE VA. CH. 57, §§ 26, 29.
   Under sections 26, 29, *c.* 57, Code Va. 1873, a subscriber to the capital stock of a joint-stock company cannot, by an assignment of his shares to a stranger, rid himself of his original liability to pay his subscription.

4. SAME—TRANSFER OF STOCK TO COMPANY TO PAY ASSESSMENT.
   An assignment to a corporation, by a subscriber to the capital stock, of part of his shares in payment of an assessment, and an acceptance of such transfer by the board of directors, are *ultra vires,* and void as against a trustee of the company under a deed of assignment for the benefit of corporate creditors.

*Assumpsit.* Demurrer to declaration and instructions to the jury.

The National Express & Transportation Company was incorporated by the legislature of Virginia in December, 1865, with a capital stock of four million of dollars, divided into shares of $100 each, payable, after an initial installment, as might be called for by the president and directors. Becoming embarrassed, on the twentieth September, 1866, it executed a deed of trust, assigning all of its assets, including 80 per cent. of unpaid stock, to trustees for the payment of its debts. In 1871 a creditors' bill was filed in the chancery court of Richmond, Virginia, against the company, the directory, and the trustees, to enforce the execution of the trust. Such proceedings were had that by a decree entered on the fourteenth December, 1880, a large indebtedness was established against the company; the deed was construed to pass all of the assets, for the payment of all of the debts, but not to pass the power of making calls upon the unpaid subscriptions; the old trustees were removed, and John Glenn, the present plaintiff, substituted in their place; a call was made of 30 per cent. upon the capital stock and stockholders, as necessary and proper for the payment of the debts; and the stockholders, their legal representatives and assigns, were ordered severally to pay the amount of the call to the said trustee, who was authorized to collect the same by suit or otherwise, but was not to act until he had executed a bond conditioned

[1] See Glenn v. Walker, 27 Fed. Rep. 577; Glenn v. Williams, 60 Md. 93; Glenn v. Saxton, (Cal.) 9 Pac. Rep. 420.

for the faithful performance of his duties. This bond was given on the third January, 1881.

This was an action of *assumpsit* in his own name, by the trustee, in November, 1885, to recover of the defendant 30 per cent. upon 100 shares of stock for which he was an original subscriber. The declaration, after setting forth the incorporation of the company, and the subscription of the defendant for 100 shares of the stock, alleged the execution by the company of the deed of assignment of its assets, including the unpaid subscriptions, for the satisfaction of its debts, and the assent of the defendant to the deed, and then the proceedings in the said suit in equity, in which the creditors, the company, the directory, and the trustees were convened, and the call made, and the plaintiff substituted as trustee, as above stated, and his due qualification under the decree. The defendant demurred to the declaration, upon the ground that his subscription was a chose in action not assignable at common law, and not embraced in the Virginia statute authorizing suits to be brought by assignees in their own names, and that the suit should have been brought in the name of the company for the use of the trustee, and not by the trustee in his own name. The demurrer was overruled, and then the defendant pleaded *non assumpsit*, and the five-years statute of limitations.

Upon the trial, the proceedings of the chancery court of Richmond, and proof of the organization and incorporation of the company, and of the defendant's subscription for 100 shares of the stock, and the execution of the deed by the company having been introduced, the defendant proved that in consequence and by authority of a resolution of the board of directors of the second March, 1866, he had surrendered 50 shares of his stock to the company, and that the same had been transferred to the company upon its books, in satisfaction of a call made by the directory in the previous January for 5 per cent. upon the whole 100 shares, and that he had, in April, 1866, assigned the remaining 50 shares of his stock to third persons for value, with the consent of the company, as shown by the transfer upon its books. Under instructions, the jury found a verdict for the plaintiff upon both issues, and judgment was entered accordingly.

*Edward S. Brown* and *John Howard*, for plaintiff.

*R. H. G. Kean* and *L. M. Kean*, for defendant.

BOND, J. The demurrer to the declaration in this case is interposed to raise the question whether the trustee of the National Express & Transportation Company, the plaintiff in this suit, has properly brought the action in his own name, instead of in the name of the company suing for his benefit.

The court is of the opinion that the action is rightly brought in the name of the trustee. The main ground of the demurrer is that the action was based upon the defendants' subscription to the capital stock of the company, and that, the subscription having been assigned

by. the company to the trustees, in whose place the plaintiff has been substituted by the decree of the chancery court of the city of Richmond, the assignment conveyed an equitable right only, and that in such case, at common law, the action should have been brought in the name of the assignor company for the benefit of the plaintiff, and that the Virginia statute (chapter 141, § 17, Code 1873,[1] which is the same as the Code of 1849, p. 583, c. 144, § 14) authorizing assignees to sue in their own names does not include the assignee of the subscription to the capital stock of a joint-stock incorporated company like the present. But the court is of a different opinion. The history of the various acts from 1730 to the said act of 1849 plainly shows that each of the several acts was intended, step by step, to enlarge and extend the cases in which assignees of writings not negotiable should be enabled to sue in their own names, and the said act of 1849 is broad and comprehensive in its terms, and applies to any writing not negotiable, and, being remedial in its nature, should be liberally construed and applied.

The ancient common-law rule has itself been greatly relaxed by the courts, and modified or set aside by various exceptions. One of these is that where the payee of a debt or liability assents to the assignment, and thereby promises to pay, the assignee may sue in his own name. This declaration sets out a case of that kind, and expressly alleges that the defendant assented to the deed of trust by which the company assigned his subscription and those of his associates, in trust for the payment of the corporate debts. Apart, therefore, from the Virginia statute, this action was properly brought in the name of the substituted trustee. The statute, however, is perfectly clear upon the subject. The demurrer is therefore overruled.

---

The case having been submitted to the jury upon proofs showing that the defendant was a subscriber for 100 shares of the capital stock of the company, and that he had paid an assessment thereon, and that, in consequence and by authority of a resolution of the board of directors of the second of March, 1866, he had transferred to the company 50 shares of his stock in satisfaction of a new assessment of 5 per cent. on the 100 shares, and that subsequently he had assigned and transferred the other 50 of the 100 shares to third persons, the court instructs the jury:

1. That the said transfer or assignment of 50 shares of stock to the company was *ultra vires*, and absolutely void as to the plaintiff in the present suit, representing the creditors and the company; and

[1] "The assignee of any bond, note, or writing not negotiable may maintain any action in his own name which the original obligee or payee might have brought, but shall allow all just discounts not only against himself, but against the assignor, before the defendant had notice of the assignment." Code Va. 1873, c. 141, § 17.

that, when such a defense is brought forward by the defendant in an action of *assumpsit*, it is competent for the court to inquire into its validity; and to hold and to pronounce it to be void.

2. That, by the assignment of the residue of shares to third persons, the defendant did not rid himself of his original liability to pay his subscription, or so disconnect himself from the company as to become a stranger thereto. On the contrary, the court is of the opinion, and instructs the jury, that by virtue of the twenty-sixth [1] and twenty-ninth [2] sections of chapter 57 of the Code of Virginia of 1873, repealing the provisions of the Code of 1849, the defendant, notwithstanding the said transfer of 50 shares of his said stock to the company, above mentioned, and notwithstanding his said transfer of 50 shares of said stock to third persons, remained in such relations to the said company as to make him liable for any assessments that might be lawfully made on the capital stock of the company for the payment of its debts; and that the said defendant is bound by the decree of the chancery court of the city of Richmond of the fourteenth day of December, 1880, making a call of 30 per cent. on said capital stock, precisely as if he had not attempted to rid himself of his liability in the several ways above mentioned.

The court therefore instructs the jury to bring in a verdict in favor of the plaintiff for 30 per cent. of the said 100 shares of stock for which he subscribed, with interest thereon from the third day of January, 1881, the date of the qualification of the plaintiff as substituted trustee under the said decree.

[1] "No stock shall be assigned on the books, without the consent of the company, until all the money which has become payable thereon shall have been paid; and in any assignment the assignee and assignor shall each be liable for any installments which may have accrued, or which may thereafter accrue, and may be proceeded against in the manner before provided;" that is, by action or motion. Code Va. 1849, 1860, 1873, c. 57, § 26.

[2] "If any person shall, for valuable consideration, sell, pledge, or otherwise dispose of any of his shares of stock to another, and deliver to him the certificate for such shares, with a power of attorney authorizing the transfer of the same on the books, the title of the former, both at law and equity, shall vest in the latter, so far as may be necessary to effect the purpose of the sale. pledge, or other disposition, not only as between the parties themselves, but also as against the creditors of, and subsequent purchasers from, the former, subject to the provision of the twenty-sixth section." Code Va. 1873, c. 57, § 29.